505 F.2d 180
 CLEAR GRAVEL ENTERPRISES, INC., Plaintiff-Appellant,
v.
Nolan KEIL, State Director, Bureau of Land Management, state
of Nevada, andRolla Chandler, Chief Division of Technical
Services, Bureau of LandManagement, Reno, Nevada being
agencies of the United States Department of theInterior,
UnitedStates of America, Defendant-Appellees.
 No. 72-2396.
 United States Court of Appeals, Ninth Circuit.
 Oct. 9, 1974.
 
 John W. Bonner (argued), Las Vegas, Nev., for plaintiff-appellant.
 Eva R. Datz, Atty. (argued), Lands & Natural Resources Div., Dept. of Justice, Washington, D.C., for defendant-appellees.
 OPINION
 Before KOELSCH and KILKENNY, Circuit Judges, and McGOVERN,[1] District Judge.
 PER CURIAM:
 
 
 1
 This is an appeal from a Summary Judgment dismissing an action to set aside a decision of the United States Department of the Interior Board of Land Appeals which held two mining claims null and void for lack of discovery of a valuable mineral deposit.
 
 
 2
 The issue at law concerning the claims was whether minerals had been found which would justify a person of ordinary prudence in making further expenditures of labor and means upon the property with a reasonable prospect of success in developing a valuabel mine. United States v. Coleman, 390 U.S. 599, 88 S.Ct. 1327, 20 L.Ed.2d 170 (1968). That is, did the Appellant satisfactorily show that the mineral in question could be extracted, removed and marketed at a profit on October 2, 1953, the date when the lands involved were effectively segregated from mineral appropriation for small tract purposes, 43 U.S.C. 682a et seq., and on July 23, 1955 when common variety sand and gravel deposits as here involved became no longer locatable. 30 U.S.C. 611. United States v. Barrows, 404 F.2d 749 (9th Cir., 1968), cert. denied 394 U.S. 974, 89 S.Ct. 1468, 22 L.Ed.2d. 754 (1969).
 
 
 3
 The claims in question were located for sand and gravel on January 21, 1946 and represent the last two of Appellant's sixteen association placer claims of 160 acres each of sand and gravel deposits in the Las Vegas, Nevada, Valley. Of the fourteen claims previously litigated, seven were ordered patented to the Appellant and the others were declared invalid.
 
 
 4
 While the marketability of the mineral could have been demonstrated by the Appellant by a showing of its accessibility, its proximity to the market, the demand for it and by the Appellant's bona fide efforts to develop the claims and compete in the market with the product extracted from those claims, nonetheless, the record demonstrates that Appellant's evidence fell far short of the required showing. Instead, the evidence indicates that although Appellant had between 1952 and no later than 1956 leased all sixteen claims to the second largest sand and gravel-producing company in the area, that company had mined but one of those claims, and the one being mined was neither of the two claims here involved. Other evidence produced at the time of the hearing before the Hearings Examiner further demonstrated that the one mine being operated provided sufficient sand and gravel to meet the needs of the market and that it could yield a sufficient quantity of sand and gravel to provide for any increased share of the market to its producer.
 
 
 5
 A government geologist testified that he had inspected the claims and that in his opinion, the sand and gravel could not be extracted, removed and marketed at a profit as of July 23, 1955. A government valuation engineer examined the claims, and because a 1955 market had not been demonstrated for the materials on the claims, he, too, reached the same conclusion as the geologist.
 
 
 6
 Of particular significance is the obvious fact appearing from the record that the quantity of Appellant's other sand and gravel holdings in the area, when combined with the state of the market, were such as to deter the Appellant from expending money and effort to extract and market the sand and gravel from the claims in question from the time of location in 1946 until approximately 1963. In fact, the lack of development of the claims were such that as of July 23, 1955, the Appellant had not even constructed a road to them.
 
 
 7
 Based upon the record before it, we conclude that the District Court was correct in dismissing the action by way of Summary Judgment.
 
 
 8
 Affirmed.
 
 
 
 [1]
 The Honorable Walter T. McGovern, United States District Judge for the Western District of Washington, sitting by designation