Albert O. HUSMAN, Hazel M. Husman, John M. Husman, Larry D. Baccari, Franklynne L. Baccari, Daryle O. Husman, Earleen I. Husman, and H.W. Rasmussen, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. C84–404–K.

United States District Court, D. Wyoming.

July 25, 1985.

H.W. Rasmussen and Clay B. Jenkins, Sheridan, Wyo., for plaintiffs.

Toshiro Suyematsu, Asst. U.S. Atty. for the Dist. of Wyo., Cheyenne, Wyo., and Charles B. Lennahan, U.S. Dept. of Agriculture, Denver, Colo., for defendant.

### ORDER AFFIRMING DECISION OF THE INTERIOR BOARD OF LAND APPEALS (WITH FINDINGS)

KERR, District Judge.

The above-entitled matter having come on regularly for hearing before the Court upon appeal from a decision of the Interior Board of Land Appeals; plaintiffs appearing by and through their attorneys, H.W. Rasmussen and Clay B. Jenkins, and defendant appearing by and through its attorneys, Toshiro Suyematsu, Assistant United States Attorney for the District of Wyoming, and Charles B. Lennahan, United States Department of Agriculture, and the Court having heard the arguments of counsel and having carefully reviewed the administrative record and the memoranda submitted by counsel, and being fully advised in the premises, FINDS:

That plaintiffs filed this action seeking review of the decision of the Interior Board of Land Appeals, *United States v. Husman, et al.*, 81 IBLA 271 (June 8, 1984), affirming the decision of the Administrative Law Judge. These decisions declared invalid the Husman No. 1 placer mining claim located at the NE¼ of Sec. 14, T. 53 N., R. 84 W., sixth principal meridian, Sheridan County, Wyoming.

This 160 acre parcel of land, along with other adjacent lands, were withdrawn from mineral entry pursuant to Public Land Order No. 5600, 41 F.R. 35067 (Aug. 19, 1976). The withdrawal application was filed January 3, 1975, on which date the proper notations were made on the public land records of the Bureau of Land Management office, making the withdrawal temporarily effective. 43 C.F.R. 2351.3, 2091.2–5 (1975). The application was published January 23, 1975. 40 F.R. § 3614.

The plaintiffs filed their placer mining claim on January 2, 1973 for the discovery of a limestone and dolomite deposit. The BLM, at the request of the United States Forest Service, thereafter began proceedings to contest said claim. The contest claim was filed May 2, 1975 and hearings were held before Administrative Law Judge, Sweitzer, in June of 1981.

In an extensive 27 page decision, the Administrative Law Judge determined that:

1. the 160 acres constituting the claim was segregated from mineral entry on January 3, 1975 and that an environ-

mental impact statement (EIS) was unnecessary;

2. the limestone was of a high-grade chemical quality and not a common variety within the limits of the Common Varieties Act of 1955. Therefore, the mineral was locatable;

3. even though the mineral itself was locatable, the plaintiffs had not discovered a "valuable mineral deposit" within the bounds of the claim; and,

4. finally, the Administrative Law Judge found it unnecessary to determine if the land was mineral in character, since plaintiffs had not made a discovery of a "valuable mineral deposit."

The Interior Board of Land Appeals (IBLA) affirmed the Administrative Law Judge's decision, concluding that the government had made out a prima facie case that the limestone could not be "mined, removed, and marketed at a profit."

On appeal, the plaintiffs urge this Court to reverse the decision of the IBLA for the reasons that: (1) the withdrawal of the land from mineral entry was improper since no environmental impact statement had been prepared; and, (2) that the determination that no valuable mineral deposit had been discovered was an error of law, arbitrary, capricious, and not supported by substantial evidence.

■ This Court, in reviewing the ruling of the IBLA, is mindful of the limited scope of review which must be applied. The decision of the agency may only be overturned where it is contrary to law; outside the scope of the agency's jurisdiction; unsupported by substantial evidence; or arbitrary, capricious, or an abuse of discretion. 5 U.S.C. § 706(2); *Roberts v. Morton,* 549 F.2d 158, 160 (10th Cir.1977).

### I. *Withdrawal—Environmental Impact Statement*

Plaintiffs urge that the withdrawal was improper because the forest service violated § 102 of the National Environmental Protection Act, 42 U.S.C. § 4332 (1976), by failing to file an environmental impact statement.

The forest service prepared an environmental analysis report to determine the necessity of an EIS. The report considered various alternatives to the proposed withdrawal, including the option of not withdrawing the land from public entry with the possibility of mining, and the effect that each alternative could have on the environment. The conclusion reached was that the withdrawal did not constitute a major federal action significantly affecting the quality of the human environment and that an EIS was unnecessary. The Administrative Law Judge and the IBLA determined that the agency had identified the relevant environmental factors and concerns and concluded that the impact would not be significant.

■ This Court, too, finds that the agency followed the necessary procedures of (1) "looking hard" at the problem; (2) "identifying the relevant areas of environmental concern;" and, (3) making a convincing case that the impact was insignificant as evidenced by the environmental analysis report. *Cabinet Mountains Wilderness v. Peterson,* 685 F.2d 678, 682 (D.C.Cir.1982). The plaintiffs likewise have not carried the burden of raising a substantial environmental issue. See *Winnebago Tribe of Nebraska v. Ray,* 621 F.2d 269, 271 (8th Cir.1980), and this Court, therefore, agrees with the conclusion that an EIS was unnecessary and the decision of the IBLA should not be overturned on that matter.

### II. *"Valuable Mineral Discovery"*

■ The Mining Act of 1872, 30 U.S.C. § 22, allows an individual to establish a mining claim on lands subject to public entry upon making a discovery of a "valuable mineral deposit." What is a "valuable mineral deposit" is determined by the application of the "prudent person test." That is, the mineral deposit must be of such quality and quantity that a "person of ordinary prudence would be justified in the further expenditure of his labor and means, with a reasonable prospect of success in

developing a valuable mine." *Castle v. Womble*, 19 L.D. 455 (1894); *Chrisman v. Miller*, 197 U.S. 313, 25 S.Ct. 468, 49 L.Ed. 770 (1904). As a further refinement and compliment to this test, the United States Supreme Court in the case of *United States v. Coleman*, 390 U.S. 599, 88 S.Ct. 1327, 20 L.Ed.2d 170 (1968), adopted the rule of "marketability." Under this rule, a mineral deposit is marketable (and, therefore, valuable) if it can be "extracted, removed, and marketed at a profit." *Id.*

■ The limestone in plaintiffs' claim was found to be of a high chemical grade, therefore outside the scope of the Common Varieties Act and thus locatable. However, in the application of the marketability test, it was found that the minerals in plaintiffs' claim could not be mined and marketed at a profit. Extensive evidence was presented by both sides on the proposed mining operations, production, and the proposed markets.

The Administrative Law Judge thoroughly examined said evidence making extensive findings thereon. The IBLA agreed that the government had established a prima facie case that the discovery was not of a "valuable mineral deposit" and that the plaintiffs had not overcome this showing by a preponderance of the evidence. 81 IBLA at 275.

Without reiterating much of the factual basis on which the agency relied in making its decision, this Court finds that there was substantial evidence to show that the limestone could not be mined and marketed at a profit. Much of the evidence indicated that certain market uses and demand would be speculative and, therefore, the profitability of the mine is questionable. We, therefore, agree with the decision of the IBLA and find it was supported by substantial evidence—that being "[s]uch relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

■ Further, we cannot agree that the reliance by the agency on the "economies of scale" theory was in error.

■ In addition, the Court finds plaintiffs argument that the IBLA erred in using a "presently marketable" standard, is unmerited. "Locations based on speculation that there may at some future date be a market for the discovered material cannot be sustained." *Barrows v. Hickel*, 447 F.2d 80, 83 (9th Cir.1971). A claimant must prove that a "valuable mineral deposit" exists at the time of discovery, *Id.*; at the time of the withdrawal of the land subject to the claim; and maintain said discovery throughout administrative hearings for contest or patent. *Cameron v. United States*, 252 U.S. 450, 456, 40 S.Ct. 410, 411, 64 L.Ed. 659 (1920); *Clear Gravel Enterprises, Inc. v. Keil*, 505 F.2d 180 (9th Cir. 1974); *Barrows v. Hickel*, 447 F.2d 80.

Therefore, this Court finds that the decision of the IBLA is neither arbitrary nor capricious, is not contrary to law, and is supported by substantial evidence.

NOW, THEREFORE, IT IS ORDERED that the decision of the Interior Board of Land Appeals, 81 IBLA 271 (1984) declaring plaintiffs' mining claim invalid, be, and the same is, hereby affirmed.